UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,            CASE NUMBER: 10-20123-9
                                HONORABLE VICTORIA A. ROBERTS

v.

JACOB J. WARD, D-9

       Defendant.
_____/

## ORDER

### I.    INTRODUCTION

This matter is before the Court on the parties' Stipulated Order for Determination of Defendant's Mental Competency. (Doc. # 195).

The Court finds Defendant is **INCOMPETENT** to stand trial.

### II.    BACKGROUND

Defendant Jacob J. Ward is charged with one count of seditious conspiracy (18 U.S.C. § 2384); one count of conspiracy to use weapons of mass destruction (18 U.S.C. § 2332a(a)(2)); two counts of use and carrying of a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)); and two counts of possessing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)). (Doc. # 293; Second Superseding Indictment).

After finding reasonable cause to believe Defendant suffered from a mental illness rendering him incompetent to stand trial, the Court ordered a psychiatric or psychological examination of Defendant by Dr. Craig Lemmen, a licensed psychiatrist.

1

*See* 18 U.S.C. § 4241(b). Dr. Lemmen evaluated Defendant and submitted a report, dated November 28, 2010, and an addendum, dated February 2, 2011. Dr. Lemmen opined that Defendant was mentally ill, and that his illness interfered with his ability to understand the charges and proceedings against him, and to assist in preparing a defense.

Specifically, Dr. Lemmen stated Defendant believed the FBI fabricated charges against the Hutaree to prevent the unveiling of their own misconduct during an Ohio state court proceeding. Defendant told Dr. Lemmen that he believed the FBI brought charges against him to prevent him from marrying a woman named Tonya and to prevent evil people from answering for their crimes. Dr. Lemmen diagnosed Defendant with Delusional Disorder, Paranoid Type. Dr. Lemmen concluded that with proper medication, Defendant's competency would likely be restored.

### III. ANALYSIS

A criminal defendant cannot be tried unless he is mentally competent. *Godinez v. Moran*, 509 U.S. 389, 396 (1993). It is within the province of the district court to determine whether a defendant is suffering from a mental disease or defect that renders him mentally incompetent to stand trial. *See* 18 U.S.C. § 4241(b),©, and (d). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and a] rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam).

The Court must commit Defendant to the custody of the Attorney General if, after a competency hearing, the Court finds by a preponderance of the evidence that

2

Defendant is suffering from a mental disease that renders him unable to understand the nature and consequences of the proceedings against him or to assist in his defense. *See* § 4241(d). The Attorney General must hospitalize Defendant for treatment in a suitable facility: (1) for a reasonable time period as is necessary to determine whether there is a substantial probability that his competency will be restored, not to exceed four months, and (2) for an additional reasonable time period until (A) he is able to stand trial, if the Court finds there is a substantial likelihood that within this additional time he will attain the capacity to stand trial, or (B) the pending charges against him are disposed of, whichever happens first. *Id.*

On July 11, 2011, the Court held a competency hearing. *See Id.* § 4247(d). Dr. Lemmen testified as a Government witness; Defendant did not present witnesses. As stated in his report, Dr. Lemmen said he believed Defendant was incompetent because his delusional disorder interferes with his ability to understand the charges and proceedings against him and to assist in the preparation of his defense. Dr. Lemmen testified Defendant has fixed, false beliefs about the FBI and about his relationship with Tonya and her role in this prosecution. His delusions are prominent and he suffers moderately severe symptoms. Dr. Lemmen stated, though the charges against Defendant are serious, he is dismissive of them. Dr. Lemmen said Defendant's head is filled with thoughts of Tonya and he is completely distracted from the proceedings against him.

Finally, Dr. Lemmen testified he believed there was a substantial probability Defendant could regain competency within three to six months with the proper in-patient treatment. He admitted that persons suffering delusional disorders are less responsive

to medication and other forms of treatment than those with other disorders; however, he has seen high restoration rates in other cases where criminal defendants were held incompetent to stand trial because of delusional disorders. In his medical opinion, Defendant will be restored to competency when he is able to put his delusional beliefs aside.

The Court finds Defendant presently suffers from a mental disease or defect rendering him incompetent to stand trial. Dr. Lemmen's testimony is credible and his medical opinion is reliable. Defendant is unable to appreciate the severity of the charges against him; he also lacks "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and a] rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402. As long as his delusions persist, and he believes the charges revolve around his and the FBI's involvement with Tonya, and a conspiracy to coverup wrongdoing on the part of the FBI, Defendant will be unable to understand the courtroom proceedings and meaningfully assist in the preparation of his defense.

## IV. CONCLUSION

Defendant is **INCOMPETENT** to stand trial. Pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, the Court **commits** Defendant to the **custody of the Attorney General** for hospitalization in a suitable facility for a period of time not to exceed four months, for evaluation, treatment, and a determination as to the probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward. §§ 4241(d)(1); 4247(i)(A).

Before the expiration of the four-month period, the Attorney General must advise the Court whether Defendant's mental competency has been restored such that the trial may proceed. On receipt of that report, Defendant must be returned to the Court for a status conference and further determination of his competency to stand trial.

The Court orders Defendant to report to the United States Marshals Service ("USMS") **when the USMS notifies him.** The USMS must then promptly and expeditiously transfer Defendant to a suitable facility, to be determined by the Attorney General. The USMS must do this as quickly as possible to minimize the time Defendant travels to, is confined in, and returned from, that facility.

The time period associated with this process, from the filing date of the Order for Psychiatric or Psychological Examination (Doc. # 196) through and including the date on which a final determination is made regarding whether Defendant has regained his competency to stand trial, is excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(4).

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 15, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record, Pretrial Services & U.S. Marshals by electronic means or U.S. Mail on July 15, 2011.

s/Carol A. Pinegar
Deputy Clerk